1   **BUCHALTER NEMER**
A Professional Corporation
2   BERNARD E. LESAGE (SBN: 61870)
MELODY A. PETROSSIAN (SBN: 227624)
3   BRANDON Q. TRAN (SBN: 223435)
1000 Wilshire Boulevard, Suite 1500
4   Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
5   Facsimile: (213) 896-0400

6   Attorneys for Defendants
ACC CAPITAL HOLDINGS CORPORATION,
7   AMERIQUEST MORTGAGE COMPANY,
AMC MORTGAGE SERVICES, INC., and
8   CITI RESIDENTIAL LENDING, INC.

FILED

07 NOV 16 PM 3:31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

9                **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**        BY FAX

11

12   ANDREW BELLO,                    Case No. '07 CV 2195 WQH (LSP)

13             Plaintiff,             NOTICE OF REMOVAL UNDER 28 U.S.C.
                                      §1441(B)
14        vs.

15   AMERIQUEST MORTAGE COMPANY,      (FEDERAL QUESTION)
     AMC MORTGAGE SERVICES, INC.,
16   and DOES 1 through 60, inclusive,

17             Defendants.

18

19        TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

20   SOUTHERN DISTRICT OF CALIFORNIA, ALL INTERESTED PARTIES AND THEIR

21   COUNSEL OF RECORD:

22        PLEASE TAKE NOTICE that defendants ACC Capital Holdings Corporation,

23   Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Citi Residential Lending,

24   Inc. (collectively, "Defendants") hereby remove the above-captioned action, Case No.: 37-2007-

25   00055780-CU-BC-NC, currently pending in the Superior Court of the State of California in and

26   for the County of San Diego, to the United States District Court for the Southern District of

27   California. Removal is pursuant to 28 U.S.C. Sections 1441 and 1446, and is based upon federal

28   question jurisdiction.

BUCHALTER NEMER
A Professional Corporation
LOS ANGELES

BN 1451888v1                              1

NOTICE OF REMOVAL



1   As grounds for removal, Defendants state as follows:

2   1.   On August 24, 2007, plaintiff Andrew Bello ("Plaintiff") filed an action in the

3   Superior Court of the State of California in and for the County of San Diego, entitled Andrew

4   Bello, Plaintiff, vs. Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Does 1

5   through 60, inclusive, Defendants, as Case No.: 37-2007-00055780-CU-BC-NC. On or about

6   September 19, 2007, Plaintiff filed a First Amended Complaint. A true and correct copy of the

7   First Amended Complaint is attached hereto as Exhibit "A."

8   2.   Plaintiff amended his First Amended Complaint on September 20, 2007 to add

9   Defendant ACC Capital Holdings Corporation as DOE 1.

10   3.   On October 19, 2007, Plaintiff filed a Certificate of Progress indicating that he was

11   unable to serve Defendants. Plaintiff was granted an extension to serve his First Amended

12   Complaint to November 16, 2007.

13   4.   The First Amended Complaint alleges, *inter alia*, that Defendants violated the

14   Truth-In-Lending Act, 15 U.S.C. Sections 1601, *et seq.* by changing the material terms of the loan

15   agreement and failing to provide the requisite disclosures. *See* First Amended Complaint, ¶¶ 11-

16   12. The First Amended Complaint further seeks relief pursuant to the Truth-In-Lending Act, 15

17   U.S.C. Sections 1601, *et seq. See* First Amended Complaint, ¶ 24. As a result, it appears from

18   the face of the First Amended Complaint that the Court is presented with a federal question.

19   5.   This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

20   Section 1331, and is one which may be removed to this Court by defendants under the provisions

21   of 28 U.S.C. Sections 1441(b) and 1446 in that it arises under the Federal Truth-In-Lending Act,

22   15 U.S.C. Section 1640(e).

23   6.   All Defendants who have been served with the Summons and First Amended

24   Complaint bring this Notice of Removal, as evidenced by their counsel's signature below.

25   7.   Attached hereto as Exhibit "B" is a copy of the "Notice of Filing of Notice of

26   Removal," which Defendants will promptly serve upon Plaintiff's counsel, and will promptly file

27   with the Clerk of the San Diego Superior Court. *See* 28 U.S.C. §§ 1446(a), (d).

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1451888v1

2

**NOTICE OF REMOVAL**

1      WHEREFORE, Defendants pray that the above-entitled action now pending in the

2   Superior Court of the State of California in and for the County of San Diego be removed to this

3   Court pursuant to 28 U.S.C. §1441(b).

4

5   DATED: November __16__, 2007          **BUCHALTER NEMER**
                                          A Professional Corporation

6

7

8                                        By:_____
                                                   BRANDON Q. TRAN
9                                              Attorneys for Defendants
                                          ACC CAPITAL HOLDINGS CORPORATION,
10                                         AMERIQUEST MORTGAGE COMPANY,
                                          AMC MORTGAGE SERVICES, INC., AND
11                                          CITI RESIDENTIAL LENDING, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Brian H. Erickson, ESQ. SBN 141085
LAW OFFICES OF BRIAN H. ERICKSON
Carmel Mountain Professional Park
9330 Carmel Mountain Road  Ste. A
San Diego,  CA 92129
(858) 780-9388
(858) 780-9389 FAX

Attorney for Plaintiff
ANDREW BELLO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

NORTH COUNTY COURT

| | |
|---|---|
| ANDREW BELLO, | CASE NO. 37-2007-00055780-CU-BC-NC |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES; BREACH OF CONTRACT; TILA RESTITUTION AFTER RESCISSION; RESTITUTION; |
| AMERIQUEST MORTGAGE COMPANY, | REFORMATION; FRAUD; INTENTIONAL |
| AMC MORTGAGE SERVICES, INC., | INFLICTION OF EMOTIONAL DISTRESS; CONSUMERS LEGAL |
| and DOES 1 through 60, | REMEDIES ACT; UNFAIR BUSINESS PRACTICES ACT |
| inclusive, | |
| Defendants. | DEMAND FOR JURY TRIAL |

COMES NOW plaintiff, and alleges as follows:

PRELIMINARY ALLEGATIONS

1.  The damages and injuries upon which this action is based
occurred in the jurisdictional area of this court, and in San
Diego County, in the State of California.

FIRST AMENDED COMPLAINT FOR DAMAGES- 1

Page  3  Exhibit  A

1    2. At all times herein mentioned,  plaintiff Andrew Bello

2   (hereinafter "Mr. Bello" or "plaintiff") was a  competent adult

3   and resident of the County of San Diego, in the State of

4   California.

5    3. At all times herein mentioned, defendants Ameriquest

6   Mortgage Company and AMC Mortgage Services, Inc. (hereinafter

7   "Ameriquest" or "AMC" or "defendants") were corporations

8   conducting business within the County of San Diego, State of

9   California.

10    4. The true names and capacities, whether individual,

11   corporate, associate, or otherwise of defendants DOES 1 through

12   60 inclusive, are unknown to plaintiff, who therefore sues said

13   defendants by such fictitious names, and plaintiff will amend

14   this complaint to show their true names and capacities when they

15   have been ascertained.

16   5. Plaintiff is informed and believes and thereon alleges that

17   each of the defendants designated herein as a DOE is responsible

18   in some manner for the events and happenings herein referred to

19   and proximately caused the damages herein alleged.

20   6. Plaintiff is informed and believes, and thereon alleges that

21   at all times herein mentioned, each of the defendants was the

22   agent, servant and employee of the remaining defendants and was

23   acting within the scope of his or her agency and employment and

24   with the knowledge and consent of each of the remaining

25   defendants.

26   7. The events which contributed to the injuries and damages of

27   plaintiff occurred within the venue of this court, and the

28

FIRST AMENDED COMPLAINT FOR DAMAGES- 2

Page__4__Exhibit _A_

1  relief sought in this Complaint is within the jurisdiction of
2  this Court.
3  8. On or about August 24, 2004, in San Diego, California,
4  defendant Ameriquest and plaintiff entered into a written
5  contract for defendant Ameriquest to loan plaintiff money
6  secured by a note and deed of trust on plaintiff's residence.  A
7  true and correct copy of that written contract is attached
8  hereto as Exhibit "A" and is hereby incorporated herein by
9  reference.
10  9. Plaintiff had learned of defendant Ameriquest's offer to loan
11  money to consumer homeowners through recent local advertising
12  done by Ameriquest in San Diego, California. That advertising
13  offered consumers such as plaintiff 30 year fixed rate loans at
14  approximately 8% interest.
15  10. All contact regarding the instant contract between plaintiff
16  and Ameriquest took place over the telephone until Ameriquest
17  sent its agent, a notary public with the contract documents, to
18  plaintiff's home for the signing of the contract on August 24,
19  2004. In the weeks before that signing, plaintiff had discussed
20  the loan terms over the telephone with an authorized agent and
21  employee of Ameriquest, Ed Buffum. On or about August 3, 2004
22  Mr. Buffum told plaintiff that plaintiff's loan was a 30 year
23  fixed rate loan at 8.839%, which was a percentage rate only
24  slightly higher than plaintiff's existing loan. Plaintiff was
25  also told that upon refinancing with them, Ameriquest would
26  waive any prepayment charge incurred for early retirement of the
27  currently existing loan that was being replaced. Mr. Bello
28  agreed to those terms.

FIRST AMENDED COMPLAINT FOR DAMAGES- 3

Page___5___ Exhibit _A___

1  11. Plaintiff had no knowledge of a change in the terms and
2  Ameriquest did not contact plaintiff regarding any change in
3  terms before the time the contract papers were first presented
4  to Mr. Bello on August 24, 2004. In fact, on the afternoon of
5  August 24, 2004, and before the contract was presented to Mr.
6  Bello, Mr. Buffum telephoned Mr. Bello and informed plaintiff
7  that the loan was ready for signature and again advised that the
8  loan was at 8.837% for 30 years fixed with total closing costs
9  of $6,500.00 and that he would be sending a notary to
10 plaintiff's home that same evening for signature of the loan
11 documents. When the notary arrived and presented the loan papers
12 that same evening, it appeared to plaintiff from a cursory view
13 of the papers that the loan was different that what he had been
14 promised. The papers mentioned at some portions it involved an
15 adjustable rate loan. The notary told plaintiff that Ameriquest
16 used the same forms for both fixed and adjustable loans and that
17 it was clear from a "Truth in Lending Disclosure Statement"
18 contained in the papers that the first 24 monthly payments would
19 be exactly $2009.47 each and beginning 10/01/2004, that the next
20 335 monthly payments would be exactly $2050.69 each and
21 beginning 10/01/2006, and that the final payment would be
22 exactly $2042.92 on be due 9/01/2034. The notary showed
23 plaintiff this and told plaintiff the loan was a fixed rate
24 loan. Plaintiff reasonably believed such representations and
25 signed the loan documents. On or about January 2006 Ameriquest
26 sent a notice to plaintiff indicating that the payment would be
27 increasing. Plaintiff became suspicious and contacted Ameriquest
28 by telephone about the increased payment. He was then told he

FIRST AMENDED COMPLAINT FOR DAMAGES- 4

Page___6___Exhibit___A___

1  had an adjustable rate mortgage. Plaintiff has since learned

2  that a managing agent of the corporation working in the

3  Ameriquest Loan Servicing Department had purposefully changed

4  the loan terms that plaintiff and defendant had agreed to, just

5  prior to the papers being presented to plaintiff, to an

6  adjustable rate loan with other onerous contract terms and

7  without first informing plaintiff of such changes. Ameriquest

8  therefore failed to provide plaintiff adequate notice prior to a

9  material change in the conduct of the lender. Ameriquest further

10  failed to provide the required Truth In Lending Disclosure

11  Statements to plaintiff about such changes to the loan within

12  the 3 days before presentation to plaintiff of the loan papers

13  described above.

14

15

16  <u>**FIRST CAUSE OF ACTION**</u>

17

18  (Breach of Contract)

19  (As to Defendants Ameriquest Mortgage Company, and AMC Mortgage

20  Services, Inc., And DOES 1 to 60)

21

22  12.  PLAINTIFF realleges and incorporates by reference

22  paragraphs 1 through 11 of the Preliminary Allegations as though

23  fully set forth again herein.

24  13. Plaintiff and defendants contracted to obtain the fixed rate

25  loan described above. The loan documents presented to plaintiff

26  are now understood to have materially differed from that

27  agreement. Defendants did not provide plaintiff adequate notice

28  prior to a material change in the conduct of defendants lender.

FIRST AMENDED COMPLAINT FOR DAMAGES- 5

Page __7__ Exhibit __A__

1  As a result of the actions and failure to act described,

2  defendants breached the contract between the parties. Defendants

3  acts and failures to act also constitute a breach of the

4  obligation of good faith in performance under the contract and

5  under the California Commercial Code. Plaintiff has performed

6  all obligations to defendants except those obligations plaintiff

7  was prevented or excused from performing.

8  14. As a legal result of defendants' breach of the contract,

9  plaintiff has suffered damages in an amount according to proof

10  at trial, which damages were directly caused by the acts of

11  defendants and/or its authorized agents in breaching the

12  agreement between the parties.

13  15. Plaintiff is also entitled to attorney fees by an agreement

14  or a statute in an amount according to proof at trial.

15

16

17                    **SECOND CAUSE OF ACTION**

18

19     (Restitution after Rescission for Violation of Truth In Lending
              Act; 15 U.S.C. § 1601 et seq.)

20

21     (As to Defendants Ameriquest Mortgage Company, and AMC Mortgage
                Services, Inc.,  And DOES 1 to 60)

22

23  16. PLAINTIFF realleges and incorporates by reference paragraphs

24  1 through 15 as though fully set forth again herein.

25  17. Defendants were at all times herein mentioned corporations

26  which regularly extended or arranged for the extension of credit

27  which is payable by agreement in more than four installments or

28  for which the payment of a finance charge is or may be required.

FIRST AMENDED COMPLAINT FOR DAMAGES- 6

Page ___8___ Exhibit ___A___

1   and is a creditor subject to the provisions of the federal Truth

2   in Lending Act, 15 United States code Section 1601 et seq.

3   18. On or about August 24, 2004 at the City of San Diego, and

4   County of San Diego, plaintiff and defendants entered into a

5   written retail installment contract by the terms of which

6   defendant agreed to loan and plaintiff agreed to borrow money

7   secured by a note and deed of trust on plaintiff's residence. A

8   copy of that agreement is attached hereto as Exhibit "A" and

9   incorporated by reference. That contract provided for the

10  acquisition by defendants of a security interest in plaintiff's

11  residence real property dwelling.

12  19. Defendants have failed and refused, and continue to fail and

13  refuse, to deliver to plaintiff the disclosures required by

14  Sections 1635 and 1638 of Title 15 of the United States Code.

15  Defendants employees and agents fraudulent representations to

16  lend at an interest rate lower that that contained in the signed

17  loan documents and to provide a fixed rate loan instead of an

18  adjustable rate loan further subject the loan to rescission

19  under the Truth in Lending Act, 15 United States Code Section

20  1601 et seq. Such acts also constitute violations of Financial

21  Code section 4970 et seq., entitling plaintiff to reformation.

22  On or about August 23, 2007 plaintiff exercised his right under

23  Section 1635(a) of Title 15 of the United States Code to rescind

24  the above described contract by mailing such notice by

25  registered mail, return receipt requested to defendants

26  Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

27  principal place of business, notifying defendants of plaintiff's

28  intention to rescind the above described transaction. A copy of

    the letter and return receipts are attached as Exhibit "B" and

FIRST AMENDED COMPLAINT FOR DAMAGES- 7

Page 9 Exhibit A

From:    11/16/2007 14:43    #408 P.013/044

incorporated by reference.

20. By reason of plaintiff's rescission of the above mentioned contract, plaintiff is entitled under Section 1635(b) of Title 15 of the United States Code to recover from defendants the total amount paid by plaintiff to defendants pursuant to the contract. On or about August 23, 2007 plaintiff requested defendants return to plaintiff the above mentioned sums of money. Defendant has failed and refused, and continues to fail and refuse, to refund such sums, or any part thereof to plaintiff.

21. Plaintiff is ready, willing, and able to restore to defendants the property and proceeds received pursuant to the contract on the performance by defendants of their obligations under Section 1635 of Title 15 of the United States Code.

22. Wherefore plaintiff prays judgment against defendants and each of them for a determination by the court that the above mentioned contract has been rescinded and that the security interests created thereby are void, and for the total amount paid by plaintiff to defendants pursuant to the contract with interest thereon at the legal rate, and for costs of suit and reasonable attorneys fees in an amount to be determined by the court.

<u>THIRD CAUSE OF ACTION</u>

(Restitution)

(As To Defendants Ameriquest Mortgage Company, and AMC Mortgage
Services, Inc.,   , And DOES 1 to 60)

23. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth again herein.

Page ___70___ Exhibit ___A___

24. Plaintiff has fully complied with the terms of the contract. By service of this complaint, plaintiff notifies defendants that plaintiff hereby rescinds the agreement on the ground that plaintiff's consent to the contract was given by mistake or by fraud due to defendant's employees and agents orally representing, as listed above, to plaintiff that the contract was for a fixed rate 30 year loan.

Plaintiff hereby offers to restore to defendants all consideration which defendants have given, on condition that defendants restore to plaintiff all consideration plaintiff has given defendants or is required to give defendants under the terms of the contract.

## FOURTH CAUSE OF ACTION

### (Reformation)

**(As Against Defendants, Ameriquest Mortgage Company, and AMC Mortgage Services, Inc., And DOES 1 to 60)**

25. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth again herein.

26. As indicated above, the written agreement does not embody the agreement made or intended, based on fraud or plaintiff's unilateral mistake, and that defendants knew of the above described mistake at the time of the execution of such contract, and the terms of the intended agreement were for a 30 year fixed rate loan at 8.837%.

27. As a result plaintiff seeks reformation of the written agreement to reflect the true intent of the parties as listed above.

FIRST AMENDED COMPLAINT FOR DAMAGES- 9

Page ___11___ Exhibit ___A___

## FIFTH CAUSE OF ACTION

### (Fraud)

**(As To Defendants Ameriquest Mortgage Company, and AMC Mortgage Services, Inc., And DOES 1 to 60)**

28. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth again herein.

29. All contact between plaintiff and Ameriquest took place over the telephone until Ameriquest sent its agent, a notary public, to plaintiff's home for the signing of the contract on August 24, 2004. In the weeks before that signing, plaintiff had discussed the loan terms over the telephone with an authorized agent and employee of Ameriquest, Ed Buffum. On or about August 3, 2004 Mr. Buffum told plaintiff that plaintiff's loan was a 30 year fixed rate loan at 8.839%, which was a percentage rate only slightly higher than plaintiff's existing loan. Plaintiff was also told that upon refinancing with them, Ameriquest would waive any prepayment charge incurred for early retirement of the currently existing loan that was being replaced. Mr. Bello agreed to those terms. There was no change in the terms and Ameriquest did not contact plaintiff regarding any change in terms before the time the contract papers were presented to Mr. Bello on August 24, 2004. In fact, on the afternoon on August 24, 2004, before the contract was presented to Mr. Bello, Mr. Buffum telephoned Mr. Bello and informed plaintiff that the loan was ready for signature and again advised that the loan was at 8.837% for 30 years fixed with total closing costs of $6,500.00

FIRST AMENDED COMPLAINT FOR DAMAGES- 10
Page ___ Exhibit ___

1    and that he would be sending a notary to plaintiff's home that

2    same evening for signature of the loan documents that evening.

3    When the notary arrived and presented the loan papers that same

4    evening, it appeared to plaintiff from a cursory view of the

5    papers that the loan was different that what he had been

6    promised. The papers mentioned at some portions it involved an

7    adjustable rate loan. The notary told plaintiff that Ameriquest

8    used the same forms for both fixed and adjustable loans and that

9    it was clear from a "Truth in Lending Disclosure Statement" that

10   the first 24 monthly payments would be exactly $2009.47 each and

11   beginning 10/01/2004, that the next 335 monthly payments would

12   be exactly $2050.69 each and beginning 10/01/2006, and that the

13   final payment would be exactly $2042.92 on be due 9/01/2034. The

14   notary showed plaintiff this and told plaintiff the loan was a

15   fixed rate loan. Plaintiff reasonably believed such

16   representations and signed the loan documents. On or about

17   January 2005 Ameriquest sent plaintiff a notice indicating that

18   the payment would be increasing. Plaintiff became suspicious and

19   contacted Ameriquest by telephone about the increased payment.

20   He was then told be had an adjustable rate mortgage.  Plaintiff

21   has since learned that a managing agent of the corporation

22   working in the Ameriquest Loan Servicing Department had

23   purposefully changed the loan terms that plaintiff and defendant

24   had agreed to, just prior to the papers being presented to

25   plaintiff, and without first informing plaintiff of such

26   changes. Ameriquest therefore failed to provide plaintiff

27   adequate notice prior to a material change in the conduct of the

28   lender. Ameriquest further failed to provide the required Truth

FIRST AMENDED COMPLAINT FOR DAMAGES- 11

Page __13__ Exhibit __A__

From:    11/16/2007 14:44    #408 P.017/044

1 In Lending Disclosure Statements to plaintiff about such changes

2 to the loan within the 3 days before presentation to plaintiff

3 of the loan papers described above. All of the above

4 representations of material fact by defendants employees and

5 agents were reasonably relied upon by plaintiff.

6 30. Each of these representations were in fact false. The truth

7 was that defendants did not intend to, and did not provide a 30

8 year fixed rate loan to plaintiff.

9 31. When defendants made the above representations defendants

10 knew the representations were false or made them recklessly and

11 without regard for the truth or had no reasonable ground for

12 believing the representations were true at the time they were

13 made. Defendants made the representations with the intent to

14 defraud and induce plaintiff to enter into the contract. At the

15 time plaintiff entered into the contract, plaintiff did not know

16 the representations were false and believed they were true.

17 Plaintiff acted in justifiable reliance upon the truth of the

18 representations and was thereby harmed, such deception being a

19 substantial factor in causing plaintiff's harm.

20 32. As a result of the defendant's acts described herein,

21 plaintiff has suffered damages in an amount according to proof

22 at trial, which damages were directly caused by the actions of

23 defendants.

24                        SIXTH CAUSE OF ACTION

25

26          (Intentional Infliction of Emotional Distress)

27 (As To Defendants Ameriquest Mortgage Company, and AMC Mortgage

28 Services, Inc., And DOES 1 to 60)

FIRST AMENDED COMPLAINT FOR DAMAGES- 12

Page __14__ Exhibit __A__

33. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth again herein.

34. The conduct of defendants described above was outrageous, and intended by defendants to cause plaintiff emotional distress, or defendants acted with reckless disregard of the probability that such conduct would cause plaintiff emotional distress, and plaintiff did suffer severe emotional distress, and defendants' conduct was a substantial factor in causing plaintiff such serious emotional distress.

35. As a result of defendants' acts described herein, plaintiff has suffered damages in an amount according to proof at trial, which damages were directly caused by the actions of defendants.

## SEVENTH CAUSE OF ACTION

(Violation of the Consumers Legal Remedies Act; Civil Code Section 1750 et seq. )

(As To Defendants Ameriquest Mortgage Company, and AMC Mortgage Services, Inc., And DOES 1 to 60)

36. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 35 as though fully set forth again herein.

37. Defendants engaged in the following violations of Civil Code Section 1770; The contract and the representations made to entice the consumer plaintiff to enter into the loan constituted violations of Civil Code Section 1770 at subsections (9), (13), (16), and (18). Specifically, defendants engaged in unfair or deceptive acts intended to result in, and which did result in, a residential home loan where the defendants promised a 30 year fixed rate loan. In fact, defendants did not so deliver a 30 year fixed rate loan, and deceived plaintiff into the loan by

FIRST AMENDED COMPLAINT FOR DAMAGES- 13

Page 15 Exhibit A

1  (subsection 9) advertising services with the intent not to sell

2  them as advertised, as well as misrepresenting (subsection 13)

3  concerning the existence of price reductions, as well as

4  misrepresenting (subsection 16) that the subject of the

5  transaction was supplied in accordance with a previous

6  representation when it has not, as well as misrepresenting

7  (subsection 18) the authority of a salesperson or representative

8  or agent to negotiate the final terms of a transaction with

9  plaintiff.

10  38. On or about August 23, 2007 plaintiff notified defendants of

11  the unlawful acts and practices described by written notice

12  which contained a demand that defendants rectify the problems.

13  Plaintiff's notice was sent by Certified Mail, return receipt

14  requested, to defendants place of business. A copy of

15  plaintiff's notice and demand is attached as Exhibit "B" hereto

16  and is incorporated by reference.

17  39.  As a result of defendants violations above, plaintiff has

18  suffered damages.

19                    EIGHTH CAUSE OF ACTION

20

21     (Violation of the Unfair Business Practices Act; Business and
                Professions Code Section 17500 et seq. )
22

23  (As To Defendants Ameriquest Mortgage Company, and AMC Mortgage

24  Services, Inc.,  And DOES 1 to 60)

25  40. PLAINTIFF realleges and incorporates by reference Paragraphs

26  1 through 39 as though fully set forth again herein.

27  41. Plaintiff had learned of defendant Ameriquest's offer to

28  loan homeowner's money through local advertising done by

Ameriquest in San Diego, California. That advertising offered

FIRST AMENDED COMPLAINT FOR DAMAGES- 14

Page __16__ Exhibit __A__

From:

1  consumers such as plaintiff 30 year fixed rate loans at

2  approximately 8% interest.

3  42. Such advertising was false. Plaintiff is informed and

4  believes and thereon alleges that Defendants were unlikely to

5  actually enter into such fixed rate loans and instead conducted

6  a "bait and switch" enterprise that included misleading

7  advertising and encouraged and induced consumers and plaintiff

8  to seek such fixed rate loans from defendant only to find at the

9  end of the process that the terms had been significantly changed

10  for the benefit of defendants only without reasonable notice or

11  any notice to plaintiff and to the detriment of the consumer and

12  plaintiff herein.

13  43. As a result of such acts of defendants,  plaintiff has been

14  damaged in an amount according to proof at trial.

15

16  WHEREFORE, PLAINTIFF prays judgment against Defendants as

17  hereinafter appears.

18

19  1. For economic and non-economic damages according to proof

20     thereof;

21  2. For costs of suit herein;

22  3. For prejudgment interest on all sums awarded at the maximum

23     legal rate;

24  4. For costs and attorneys fees;

25  5. For all such relief available under each cause of action

26     herein; and

27  6. For such other and further relief as the court may deem just

28     and proper.

FIRST AMENDED COMPLAINT FOR DAMAGES- 15

Page___17___Exhibit____A____

1
2  Dated:  9/18/07

3
4                              BRIAN H. ERICKSON
5                              Attorney For Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES- 16

Page 18  Exhibit A

Recording Requested By:
Ameriquest Mortgage Company

Return To:

Ameriquest Mortgage Company
P.O. Box 11507,
Santa Ana, CA 92711

Prepared By: Ameriquest Mortgage Company
Rita Bayer
1600 White Rock Road, Suite
200-20
Rancho Cordova, CA 95670

_____[Space Above This Line For Recording Data]_____

# DEED OF TRUST

**DEFINITIONS**
Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) "Security Instrument" means this document, which is dated August 24, 2004
together with all Riders to this document.
(B) "Borrower" is Andrew R. Dello, An Unmarried Man

Borrower's address is 15722 Westminster Brighton Parkway #94, San Diego, CA 92130
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is Ameriquest Mortgage Company

Lender is a Corporation
organized and existing under the laws of Delaware

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3005 1/01
0000730824 - 7483                                                          08/24/2004 3:01:59 PM
AMCCA.(06)
Page 1 of 15

# EXHIBIT "A"

Page _19_ Exhibit _A_

Lender's address is 1100 Town and Country Road, Suite 200   Orange, CA 92868

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is Town and Country Title Services, Inc

(E) "Note" means the promissory note signed by Borrower and dated August 24, 2004
The Note states that Borrower owes Lender two hundred seventy thousand and 00/100
                                                                                        Dollars
(U.S. $ 270,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than September 1, 2034.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [X] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or
credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

AMPCA (mtc)                      Barchards         Initials _____        Form 3050  547

    0088735324 - 7443

    09/24/2004 3:03:59

Page 20  Exhibit A

(F) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(G) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

County of SAN DIEGO

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

Legal Description Attached Hereto And Made a Part Hereof.

Parcel ID Number: 273-130-05-00        which currently has the address of
12130 BRICED BRICED ROAD                                    [Street]
San Diego                              [City], California 92129          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**THIS SECURITY INSTRUMENT** combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

[illegible paragraph]

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and

[signature/stamp area illegible]

1000796324 - 7483

10/24/2004 3:01:59

[black redaction bar]

Page _22_ Exhibit _A_

assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien

ANHCA.elm1                     Page 4 of 16                   Form 3005   1/01

*000735824 - 7603*
10/04/2004 3:01:59



Page 23  Exhibit A

*[Page content is illegible due to poor scan quality]*



Page 24 Exhibit A

Page 25 Exhibit A

From:

Page 26   Exhibit A



Page 27 Exhibit A





Page _29_ Exhibit _A_

by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

AMBCA.mtg                    Page 12 of 15                    Form 3005    1/01

0000730524 - 7403
02/24/2004 3:03:59



Page ___30___ Exhibit ___A___



Page _31_ Exhibit _A_

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                        Anthony R. Mello          -Borrower

_____          _____ (Seal)
                                                                  -Borrower

_____ (Seal)          _____ (Seal)
                     -Borrower                                     -Borrower

_____ (Seal)          _____ (Seal)
                     -Borrower                                     -Borrower

_____ (Seal)          _____ (Seal)
                     -Borrower                                     -Borrower

MERCA #####                    Page ## of ##              Form 3005  14/01
                                        0008736824 - 7483

08/24/2004  3:01:09 P

Page 32 Exhibit A

State of California

County of _____ } ss:

On _____ before me, _____ Notary Public
personally appeared

_____

_____

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

Witness my hand and official seal.

_____ (Seal)
Notary Public

Page  33  Exhibit  A

# LAW OFFICES OF BRIAN H. ERICKSON

Carmel Mountain Professional Park
9339 Carmel Mountain Road – Suite A
San Diego, California 92129
(858) 780-0300 (858) 780-0309 Fax

August 23, 2007

Ameriquest Mortgage Company
1100 Town & Country Road, Suite 1100
Orange, CA 92868

AMC Mortgage Services, Inc.
1100 Town & Country Road, Suite 1100
Orange, CA 92868

Ameriquest Mortgage Company
1600 S. Douglass Rd.
Anaheim, CA 92806

VIA CERTIFIED MAIL RETURN RECEIPT

NOTICE OF UNFAIR BUSINESS PRACTICES AND DEMAND TO RECTIFY
(ENTIRE CONTENTS SUBJECT TO E.C. §1152)

AND;

Notice of Rescission for Violation of Truth In Lending Act;
15 U.S.C. § 1601 et seq.)

RE: PLAINTIFF ANDREW BELLO v. DEFENDANTS AMERIQUEST AND AMC
Loan Number:00667735824

Dear Gentlepersons:

   I represent Andrew Bello with regards to his claims
against you. All further communication regarding Mr. Bello
must occur through my office.

EXHIBIT "B"

Page 34 Exhibit A

FACTUAL BACKGROUND

On August 24, 2004 Mr. Bello contracted with you for a home mortgage secured by a note and deed of trust.

The contract and the representations made to entice Mr. Bello to enter into the loan constituted violations of Civil Code Section 1770 at subsections (9), (13), (16), and (18). Specifically, you engaged in unfair or deceptive acts intended to result in, and which did result in, a residential home loan where the defendants promised a 30 year fixed rate loan. In fact, defendants did not so deliver a 30 year fixed rate loan, and deceived plaintiff into the loan by misrepresenting (subsection 9) advertising services with the intent not to sell them as advertised (advertising fixed rate mortgages when intending to offer variable rate), as well as misrepresenting (subsection 13) concerning the existence of price reductions (indicating that prepayment charges from a prior loan would be forgiven for refinancing through foreclosure), as well as misrepresenting (subsection 16) that the subject of the transaction was supplied in accordance with a previous representation when it had not (indicating the loan was a fixed rate when it actually was a variable rate), as well as misrepresenting (subsection 18) the authority of defendant's salesperson or representative or agent to negotiate the final terms of a transaction with plaintiff.

Mr. Bello hereby demands you rectify these violations of Civil Code §1770.

Further, and in conjunction with the above loan, Defendants have failed and refused, and continue to fail and refuse, to deliver to plaintiff the disclosures required by Sections 1635 and 1639 of Title 15 of the United States Code. And, defendants employees and agents fraudulent representations to lend at an interest rate lower that that contained in the signed loan documents further subject the loan to rescission under the Truth in Lending Act, 15 United States Code Section 1601 et seq. Therefore, plaintiff Andrew Bello hereby elects such rescission.

Sincerely,

BRIAN H. ERICKSON, Esq.

Page 35 Exhibit A





Page __36__ Exhibit __4__

# EXHIBIT B



1  **BUCHALTER NEMER**
   A Professional Corporation
2  BERNARD E. LESAGE (SBN: 61870)
   MELODY A. PETROSSIAN (SBN: 227624)
3  BRANDON Q. TRAN (SBN: 223435)
   1000 Wilshire Boulevard, Suite 1500
4  Los Angeles, CA 90017-2457
   Telephone: (213) 891-0700
5  Facsimile: (213) 896-0400

6  Attorneys for Defendants
   ACC CAPITAL HOLDINGS CORPORATION,
7  AMERIQUEST MORTGAGE COMPANY,
   AMC MORTGAGE SERVICES, INC., and
8  CITI RESIDENTIAL LENDING, INC.

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF SAN DIEGO**

11                  **NORTH COUNTY COURT**

12

13  ANDREW BELLO,                           Case No. 37-2007-00055780-CU-BC-NC

14            Plaintiff,                     **NOTICE TO STATE COURT AND TO
                                            ADVERSE PARTY OF REMOVAL OF**
15       vs.                                **CIVIL ACTION TO UNITED STATES
                                            DISTRICT COURT UNDER 28 USC §1441**
16  AMERIQUEST MORTAGE COMPANY,             **FEDERAL QUESTIONS JURISDICTION**
   AMC MORTGAGE SERVICES, INC.,
17  and DOES 1 through 60, inclusive,

18            Defendants.

19

20

21

22

23

24

25

26

27                  Page 37 Exhibit B

28

BUCHALTER NEMER      BN 1461850v1                    1
A Professional Corporation
Los Angeles
─────────────────────────────────────────────────────────
       NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT UNDER 28 USC §1441

1    TO THE SAN DIEGO COUNTY SUPERIOR COURT, PLAINTIFF ANDREW

2    BELLO AND ALL OTHER INTERESTED PARTIES:

3    PLEASE TAKE NOTICE that on November ___, 2007, notice of removal of this action

4    was filed in the United States District Court for the Southern District of California, a copy of

5    which is attached to this notice as Exhibit 1 and is served herewith.

6

7    DATED: November ___, 2007           **BUCHALTER NEMER**
                                        A Professional Corporation

8

9                                    By:_____

10                                      BRANDON Q. TRAN
                                      Attorneys for Defendants

11               ACC CAPITAL HOLDINGS CORPORATION,
                 AMERIQUEST MORTGAGE COMPANY,

12       AMC MORTGAGE SERVICES, INC., AND CITI
                   RESIDENTIAL LENDING, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                   Page 38  Exhibit B

28

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

On the date set forth below, I served the foregoing document described as:

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(B) (FEDERAL QUESTION)

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Brian H. Erickson, Esq.
The Law Offices of Brian H. Erickson
9330 Carmel Mountain Road, Suite A
San Diego, CA 92129

☒    **BY MAIL**    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on November 16, 2007. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 16, 2007, at Irvine, California.

_____
Debby Bodkin

_____
(Signature)

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144608    — SR
* * C O P Y * *
November 16, 2007
15:35:56**

**Civ Fil Non—Pris**
USAO #.: 07CV2195 CIV. FIL.
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC#206027

**Total—>   $350.00**

FROM: BELLO V. ACC CAPITAL HOLDINGS
       CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Andrew Bello | ACC Capital Holdings Corporation, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Citi Residential Lending, Inc. |

07 NOV 16 PM 3: 30

CLERK, U.S. DISTRICT COURT

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>Orange</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

07 CV 2195 WQH (LSP)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian H. Erickson
Law Offices of Brian H. Erickson
9330 Carmel Mountain Road, Suite A
San Diego, California 92129
(858) 780-9388

Attorneys (If Known)
BERNARD E. LESAGE (SBN: 61870)
MELODY A. PETROSSIAN (SBN: 227624)
BRANDON Q. TRAN (SBN: 223435)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700

**BY FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1601, et seq.

Brief description of cause:
Violation of Truth In Lending Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE

DOCKET NUMBER

DATE
November 16, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144 608   AMOUNT 350.   APPLYING IFP   JUDGE   MAG. JUDGE

11/16/07

American LegalNet, Inc. | www.USCourtForms.com

## ORIGINAL