```
 1  BUCHALTER NEMER
    A Professional Corporation
 2  BERNARD E. LESAGE (SBN: 61870)
    MELODY A. PETROSSIAN (SBN: 227624)
 3  BRANDON Q. TRAN (SBN: 223435)
    1000 Wilshire Boulevard, Suite 1500
 4  Los Angeles, CA 90017-2457
    Telephone: (213) 891-0700
 5  Facsimile: (213) 896-0400

 6  Attorneys for Defendants
    ACC CAPITAL HOLDINGS CORPORATION,
 7  AMERIQUEST MORTGAGE COMPANY, AND
    AMC MORTGAGE SERVICES, INC.
 8
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BELLO,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., and DOES 1 through 60, inclusive,<br><br>    Defendant. | Case No.: 07-cv-02195-WQH-LSP<br><br>Hon. William Q. Hayes<br><br>**DEFENDANTS ACC CAPITAL HOLDINGS CORPORATION'S, AMERIQUEST MORTGAGE COMPANY'S, AND AMC MORTGAGE SERVICES, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

Defendants ACC Capital Holdings Corporation, Ameriquest Mortgage Company, and AMC Mortgage Services, Inc.("Defendants"), by and through their counsel, answer Plaintiff Andrew Bello's ("Plaintiff") First Amended Complaint as follows:

    1.    The damages and injuries upon which this action is based occurred in the jurisdictional area of this court, and in San Diego County, in the State of California.

**ANSWER:**    The allegations in Paragraph 1 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

2. At all times herein mentioned, plaintiff Andrew Bello (hereinafter "Mr. Bello" or "plaintiff") was a competent adult and resident of the County of San Diego, in the State of California.

ANSWER: Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

3. At all times herein mentioned, defendants Ameriquest Mortgage Company and AMC Mortgage Services, Inc. (hereinafter "Ameriquest" or "AMC" or "defendants") were corporations conducting business within the County of San Diego, State of California.

ANSWER: Admit.

4. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 60 inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

ANSWER: The allegations in Paragraph 4 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

5. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and proximately caused the damages herein alleged.

ANSWER: The allegations in Paragraph 5 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

6. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of the remaining defendants and was acting within the scope of his or her agency and employment with the knowledge and consent of each of the remaining defendants.

ANSWER: The allegations in Paragraph 6 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

7. The events which contributed to the injuries and damages of plaintiff occurred within the venue of this court, and the relief sought in this Complaint is within the jurisdiction of this Court.

**ANSWER:** Defendants deny that Plaintiff suffered any injuries and damages. The remaining allegations in Paragraph 7 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

8. On or about August 24, 2004, in San Diego, California, defendant Ameriquest and plaintiff entered into a written contract for defendant Ameriquest to loan plaintiff money secured by a note and deed of trust on plaintiff's residence. A true and correct copy of that written contract is attached hereto as Exhibit "A" and is hereby incorporated herein by reference.

**ANSWER:** Defendant admits that Plaintiff acquired a mortgage loan from Ameriquest Mortgage Company secured by a note and deed of trust. The mortgage loan contract was signed by Plaintiff on August 24, 2004. Defendants deny that Exhibit "A" constitutes the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff. As for the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations in Paragraph 8 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

9. Plaintiff had learned of defendant Ameriquest's offer to loan money to consumer homeowners through recent local advertising done by Ameriquest in San Diego, California. That advertising offered consumers such as plaintiff 30 year fixed rate loans at approximately 8% interest.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

10. All contact regarding the instant contract between plaintiff and Ameriquest took place over the telephone until Ameriquest sent is agent, a notary public with the contract documents, to plaintiff's home for the signing of the contract on August 24, 2004. In the weeks before that signing, plaintiff had discussed the loan terms over the telephone with an authorized agent and employee of Ameriquest, Ed Buffum. On or about August 3, 2004 Mr. Buffum told

1  plaintiff that plaintiff's loan was a 30 year fixed rate loan at 8.839%, which was a percentage rate
2  only slightly higher than plaintiff's existing loan. Plaintiff was also told that upon refinancing
3  with them, Ameriquest would waive any prepayment charge incurred for early retirement of the
4  currently existing loan that was being replaced. Mr. Bello agreed to those terms.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

11. Plaintiff had no knowledge of a change in the terms and Ameriquest did not contact plaintiff regarding any change in terms before the time the contract papers were first presented to Mr. Bello on August 24, 2004. In fact, on the afternoon of August 24, 2004, and before the contract was presented to Mr. Bello, Mr. Buffum telephoned Mr. Bello and informed plaintiff that the loan was ready for signature and again advised that the loan was at 8.837% for 30 years fixed with total closing costs of $6,500.00 and that he would be sending a notary to plaintiff's home that same evening for signature of the loan documents. When the notary arrived and presented the loan papers that same evening, it appeared to plaintiff from a cursory view of the papers that the loan was different that what he had been promised. The papers mentioned at some portions it involved an adjustable rate loan. The notary told plaintiff that Ameriquest used the same forms for both fixed and adjustable loans and that it was clear from a "Truth in Lending Disclosure Statement" contained in the papers that the first 24 monthly payments would be exactly $2009.47 each and beginning on 10/01/2004, that the next 335 monthly payments would be exactly $2050.69 each and beginning on 10/01/2006, and that the final payment would be exactly $2042.92 on be due 9/01/2034. The notary showed plaintiff this and told plaintiff the loan was a fixed rate loan. Plaintiff reasonably believed such representations and signed the loan documents. On or about January 2006 Ameriquest send a notice to plaintiff indicating that the payment would be increasing. Plaintiff became suspicious and contacted Ameriquest by telephone about the increased payment. He was then told he had an adjustable rate mortgage. Plaintiff has since learned that a managing agent of the corporation working in the Ameriquest Loan Servicing Department had purposefully changed the loan terms that plaintiff and defendant

had agreed to, just prior to the papers being presented to plaintiff, to an adjustable rate loan with other onerous contract terms and without first informing plaintiff of such changes. Ameriquest therefore failed to provide plaintiff adequate notice prior to a material change in the conduct of the lender. Ameriquest further failed to provide the required Truth In Lending Disclosure Statements to plaintiff about such changes to the loan within the 3 days before presentation to plaintiff of the loan papers described above.

**ANSWER:** **Defendants deny that they have committed any malfeasance, violated any federal or state statute, or breached any contract with Plaintiff. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

## FIRST CAUSE OF ACTION

12. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11 of the Preliminary Allegations as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 11.**

13. Plaintiff and defendants contracted to obtain the fixed rate loan described above. The loan documents presented to plaintiff are now understood to have materially differed from that agreement. Defendants did not provide plaintiff adequate notice prior to a material change in the conduct of defendants lender. As a result of the actions and failure to act described, defendants breached the contract between the parties. Defendants acts and failures to act also constitute a breach of the obligation of good faith in performance under the contract and under the California Commercial Code. Plaintiff has performed all obligations to defendants except those obligations plaintiff was prevented or excused from performing.

**ANSWER:** **Defendants deny that they have committed any malfeasance, violated any federal or state statute, or breached any contract with Plaintiff. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

14. As a legal result of defendants' breach of the contract, plaintiff has suffered damages in an amount according to proof at trial, which damages were directly caused by the acts of defendants and/or its authorized agents in breaching the agreement between the parties.

**ANSWER:** **Denied.**

15. Plaintiff is also entitled to attorney fees by an agreement or a statute in an amount according to proof at trial.

**ANSWER:** The allegations in Paragraph 15 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

## SECOND CAUSE OF ACTION

16. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 15 as though fully set forth again herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 15.

17. Defendants were at all times herein mentioned corporations which regularly extended or arranged for the extension of credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is a creditor subject to the provisions of the federal Truth in Lending Act, 15 United States code Section 1601 et seq.

**ANSWER:** The allegations in Paragraph 17 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

18. On or about August 24, 2004 at the City of San Diego, and County of San Diego, plaintiff and defendants entered into a written retail installment contract by the terms of which defendant agreed to loan and plaintiff agreed to borrow money secured by a note and deed of trust on plaintiff's residence. A copy of that agreement is attached hereto as Exhibit "A" and incorporated by reference. That contract provided for the acquisition by defendants of a security interest in plaintiff's residence real property dwelling.

**ANSWER:** Defendant admits that Plaintiff acquired a mortgage loan from Ameriquest Mortgage Company secured by a note and deed of trust. The mortgage loan contract was signed by Plaintiff on August 24, 2004. Defendants deny that

> Exhibit "A" constitutes the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff. As for the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations in Paragraph 18 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

19. Defendants have failed and refused, and continue to fail and refuse, to deliver to plaintiff the disclosures required by Sections 1635 and 1638 of Title 15 of the United States Code. Defendants employees and agents fraudulent representations to lend at an interest rate lower than that contained in the signed loan documents and to provide a fixed rate loan instead of an adjustable rate loan further subject the loan to rescission under the Truth in Lending Act, 15 United States Code section 1601 et seq. Such acts also constitute violations of Financial code section 4970 et seq., entitling plaintiff to reformation. On or about August 23, 2007 plaintiff exercised his right under Section 1635(a) of Title 15 of the United States Code to rescind the above described contract by mailing such notice by registered mail, return receipt requested to defendants Ameriquest Mortgage Company and AMC Mortgage Services, Inc. principal place of business, notifying defendants of plaintiff's intention to rescind the above described transaction. A copy of the letter and return receipts are attached as Exhibit "B" and incorporated by reference.

**ANSWER:** Defendants deny that they have committed any malfeasance, violated any federal or state statute, or breached any contract with Plaintiff. Defendants deny that Plaintiff has a right to rescind the loan. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

20. By reason of plaintiff's rescission of the above mentioned contract, plaintiff is entitled under Section 1635(b) of Title 15 of the United States Code to recover from defendants the total amount paid by plaintiff to defendants pursuant to the contract. On or about August 23, 2007 plaintiff requested defendants return to plaintiff the above mentioned sums of money. defendant has failed and refused, and continues to fail and refuse, to refund such sums, or any part thereof to plaintiff.

**ANSWER:** The first sentence of Paragraph 20 constitutes a legal conclusion which Defendants are not required to admit or deny. Defendants deny that Plaintiff

has a right to rescind the loan. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

21. Plaintiff is ready, willing, and able to restore to defendants the property and proceeds received pursuant to the contract on the performance by defendant s of their obligations under Section 1635 of Title 15 of the United States Code.

**ANSWER:** Defendants deny that Plaintiff has a right to rescind the loan. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.

22. Wherefore plaintiff prays judgment against defendants and each of them for a determination by the court that the above mentioned contract has been rescinded and that the security interests created thereby are void, and for the total mount paid by plaintiff to defendants pursuant to the contract with interest thereon at the legal rate, and for costs of suit and reasonable attorneys fees in an amount to be determined by the court.

**ANSWER:** Defendants deny that Plaintiff has suffered any injuries or damages as a result of the alleged actions of Defendant. The remaining allegations in Paragraph 22 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.

### THIRD CAUSE OF ACTION

23. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth again herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 22.

24. Plaintiff has fully complied with the terms of the contract. By service of this complaint, plaintiff notifies defendants that plaintiff hereby rescinds the agreement on the ground that plaintiff's consent to the contract was given by mistake or by fraud due to defendant's employees and agents orally representing, as listed above, to plaintiff that the contract was for a fixed rate 30 year loan.

Plaintiff hereby offers to restore to defendants all consideration which defendants have given, on condition that defendants restore to plaintiff all consideration plaintiff has given defendants or is required to give defendants under the terms of the contract.

**ANSWER:** **Defendants deny that Plaintiff has a right to rescind the loan. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

### FOURTH CAUSE OF ACTION

25. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 24.**

26. As indicated above, the written agreement does not embody the agreement made or intended, based on fraud or plaintiff's unilateral mistake, and that defendants knew of the above described mistake at the time of the execution of such contract, and the terms of the intended agreement were for a 30 year fixed rate loan of 8.837%.

**ANSWER:** **Denied.**

27. As a result plaintiff seeks reformation of the written agreement to reflect the true intent of the parties as listed above.

**ANSWER:** **Defendants deny that Plaintiff has a right to reformation of the mortgage loan contract. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

### FIFTH CAUSE OF ACTION

28. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 27.**

29.     All contact between plaintiff and Ameriquest took place over the telephone until Ameriquest sent its agent, a notary public, to plaintiff's home for the signing of the contract on August 24, 2004. In the weeks before that signing, plaintiff had discussed the loan terms over the telephone with an authorized agent and employee of Ameriquest, Ed Buffum. On or about August 3, 2004 Mr. Buffum told plaintiff that plaintiff's loan was a 30 year fixed rate loan at 8.839%, which was a percentage rate only slightly higher than plaintiff's existing loan. Plaintiff was also told that upon refinancing with them, Ameriquest would waive any prepayment charge incurred for early retirement of the currently exiting loan that was being replaced. Mr. Bello agreed to those terms. There was no change in the terms and Ameriquest did not contact plaintiff regarding any change in terms before the time the contract papers were presented to Mr. Bello on August 24, 2004. In fact, on the afternoon on August 24, 2004, before the contract was presented to Mr. Bello, Mr. Buffum telephoned Mr. Bello and informed plaintiff that the loan was ready for signature and again advised that the loan was at 8.837% for 30 years fixed with total closing costs of $6,500.00 and that he would be sending a notary to plaintiff's home that same evening for signature of the loan documents that evening. When the notary arrived and presented the loan papers that same evening, it appeared to plaintiff from a cursory view of the papers that the loan was different that what he had been promised. The papers mentioned at some portions it involved an adjustable rate loan. The notary told plaintiff that Ameriquest used the same forms for both fixed and adjustable loans and that it was clear from a "Truth in Lending Disclosure Statement" that the first 24 monthly payments would be exactly $2009.47 each and beginning 10/01/2004, that the next 335 monthly payments would be exactly $2050.69 each and beginning 10/01/2006, and that the final payment would be exactly $2042.92 on be due 9/01/2034. The notary showed plaintiff this and told plaintiff the loan was a fixed rate loan. Plaintiff reasonably believed such representations and signed the loan documents. On or about January 2005 Ameriquest sent plaintiff a notice indicating that the payment would be increasing. Plaintiff became suspicious and contacted Ameriquest by telephone about the increased payment. He was then told he had an adjustable rate mortgage. Plaintiff has since learned that a managing agent of the corporation working in the Ameriquest Loan servicing Department had purposefully changed the loan terms

that plaintiff and defendant had agreed to, just prior to the papers being presented to plaintiff, and without first informing plaintiff of such changes. Ameriquest therefore failed to provide plaintiff adequate notice prior to a material change in the conduct of the lender. Ameriquest further failed to provide the required Truth In Lending Disclosure Statements to plaintiff about such changes to the loan within the 3 days before presentation to plaintiff of the loan papers described above. All of the above representations of material fact by defendants employees and agents were reasonably relied upon by plaintiff.

**ANSWER:** **Defendants deny that Ameriquest Mortgage Company violated the Truth in Lending Act or any other statute. As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

30. Each of these representations were in fact false. The truth was that defendants did not intend to, and did not provide a 30 year fixed rate loan to plaintiff.

**ANSWER:** **Denied.**

31. When defendants made the above representations defendants knew the representations were false or made them recklessly and without regard for the truth or had no reasonable ground for believing the representations were true at the time they were made. Defendants made the representations with the intent to defraud and induce plaintiff to enter into the contract. At the time plaintiff entered into the contract, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations and was thereby harmed, such deception being a substantial factor in causing plaintiff's harm.

**ANSWER:** **Denied.**

32. As a result of the defendant's acts described herein, plaintiff has suffered damages in an amount according to proof at trial, which damages were directly caused by the actions of defendants.

**ANSWER:** **Denied.**

## SIXTH CAUSE OF ACTION

33. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 32.**

34. The conduct of defendants described above was outrageous, and intended by defendants to cause plaintiff emotional distress, or defendants acted with reckless disregard of the probability that such conduct would cause plaintiff emotional distress, and plaintiff did suffer severe emotional distress, and defendants' conduct was a substantial factor in causing plaintiff such serious emotional distress.

**ANSWER:** **Denied.**

35. As a result of defendants' acts described herein, plaintiff has suffered damages in an amount according to proof at trial, which damages were directly caused by the actions of defendants.

**ANSWER:** **Denied.**

## SEVENTH CAUSE OF ACTION

36. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 35 as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 35.**

37. Defendants engaged in the following violations of Civil Code Section 1770: The contract and the representations made to entice the consumer plaintiff to enter in to the loan constituted violations of Civil Code section 1770 at subsections (9), (13), (16), and (18). Specifically, defendants engaged in unfair or deceptive acts intended to result in, and which did result in, a residential home loan where the defendants promised a 30 year fixed rate loan. In fact, defendants did not so deliver a 30 year fixed rate loan, and deceived plaintiff into the loan by (subsection 9) advertising service with the intent not to sell them as advertised, as well as

misrepresenting (subsection 13) concerning the existence of price reductions, as well as misrepresenting (subsection 16) that the subject of the transaction was supplied in accordance with a previous representation when it has not, as well as misrepresenting (subsection 18) the authority of a salesperson or representative or agent to negotiate the final terms of a transaction with plaintiff.

**ANSWER:** **Defendants deny that it violated Civil Code Section 1770. The remaining allegations in Paragraph 37 of the First Amended Complaint constitute a legal conclusion, which Defendants are not required to admit or deny.**

38. On or about August 23, 2007 plaintiff notified defendants of the unlawful acts and practices described by written notice which contained a demand that defendants rectify the problems. Plaintiffs' notice was sent by Certified Mail, return receipt requested, to defendants place of business. A copy of plaintiff's notice and demand is attached as Exhibit "B" hereto and is incorporated by reference.

**ANSWER:** **Exhibit "B" speaks for itself, and Defendants are not required to admit or deny Plaintiff's characterization of this document.**

39. As a result of defendants violations above, plaintiff has suffered damages.

**ANSWER:** **Denied.**

### EIGHTH CAUSE OF ACTION

40. PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth again herein.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 39.**

41. Plaintiff had learned of defendant Ameriquest's offer to loan homeowner's money through local advertising done by Ameriquest in San Diego, California. That advertising offered consumers such as plaintiff 30 year fixed rate loans at approximately 8% interest.

**ANSWER:** **Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the First Amended Complaint, and on that basis deny each and every allegation contained therein.**

42. Such advertising was false. Plaintiff is informed and believes and thereon alleges that Defendants were unlikely to actually enter into such fixed rate loans and instead conducted a "bait and switch" enterprise that included misleading advertising and encouraged and induced consumers and plaintiff to seek such fixed rate loans from defendant only to find at the end of the process that the terms had been significantly changed for the benefit of defendants only without reasonable notice or any notice to plaintiff and to the detriment of the consumer and plaintiff herein.

**ANSWER:** **Denied.**

43. As a result of such acts of defendants, plaintiff has been damaged in an amount according to proof at trial.

**ANSWER:** **Denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by the applicable statute of frauds.

4. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5. Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages.

6. Plaintiff's injuries, if any, were proximately caused by the negligence, willful acts or liability of persons who are, and are not, parties to this action and Defendants request that an allocation of such negligence and liability be made among such other parties, and non-parties, and if any liability is found on the part of Defendants, a judgment be only the amount that is proportionate to the effect and percentage by which Defendants' acts or commissions contributed to Plaintiff's damages in accordance with principles of equitable indemnity and comparative contribution.

7. Plaintiff's claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendants, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

8. Defendants allege that at all times relevant to this action Defendants acted within the course and scope of reasonable commercial standards and legitimate business transactions.

9. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

10. Defendants allege that no officer, director, or managing agent of Defendants ratified the conduct alleged by Plaintiff.

11. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

12. Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented their credit, income or other information association with obtaining the loan.

13. Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

14. Plaintiff is not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

15. Plaintiff's claims are barred in whole or in part, because any alleged wrongful acts or omissions of Defendants were the result of the ultra vires acts of their employees.

16. Plaintiff is not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

17. If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to

the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

18. Plaintiff's claims under the Truth in Lending Act are barred against AMC Mortgage Services, Inc., as AMC is an alleged servicer of Plaintiff's loan and not a creditor or assignee.

19. Defendants allege that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendants request that this Court enter judgment in its favor and against Plaintiff, award Defendants their costs, and provide such further and additional relief as it deems just and appropriate.

DATED: November 20, 2007

BUCHALTER NEMER
A Professional Corporation

By: _____
BRANDON Q. TRAN
Attorneys for Defendants
ACC Capital Holdings Corporation,
Ameriquest Mortgage Company, and AMC
Mortgage Services, Inc.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

On the date set forth below, I served the foregoing document described as:

**DEFENDANTS ACC CAPITAL HOLDINGS CORPORATION'S, AMERIQUEST MORTGAGE COMPANY'S, AND AMC MORTGAGE SERVICES, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT**

on all other parties and/or their attorney(s) of record to this action by __ faxing and/or

_X_ placing a true copy thereof in a sealed envelope as follows:

Brian H. Erickson, Esq.
9330 Carmel Mountain Road, Suite A
San Diego, CA 92129

☒  **BY MAIL**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on November 21, 2007. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☐  **BY FACSIMILE** I caused the above-named document(s) to be sent via facsimile transmission to the law office(s) and facsimile number(s) stated above. The transmission was reported as complete and without error. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence will be deposited in an envelope with the United States Postal Service this day in the ordinary course of business for mailing with the United States Postal Service at Buchalter Nemer in Irvine, California on _____ following ordinary business practices.

☐  **BY OVERNIGHT DELIVERY**  On _____ I placed the Federal Express/Overnite Express package for overnight delivery in a box or location regularly maintained by Federal Express/Overnite Express at my office, or I delivered the package to an authorized courier or driver authorized by Federal Express/Overnite Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express/Overnite Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 979209v1

|  |  |
|---|---|
| 1 | ☐ **BY PERSONAL DELIVERY** On _____ I caused the above document(s) to be personally hand delivered to the addressees. |

☐ **BY PERSONAL DELIVERY** On _____ I caused the above document(s) to be personally hand delivered to the addressees.

☐ **BY EMAIL.** On _____, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed _____ at Irvine, California.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 21, 2007 at Irvine, California.

SUE GRUBB

_____
(Signature)

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 979209v1

2

**PROOF OF SERVICE**