**BUCHALTER NEMER**
A Professional Corporation
BERNARD E. LESAGE (SBN: 61870)
MELODY A. PETROSSIAN (SBN: 227624)
BRANDON Q. TRAN (SBN: 223435)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Defendants
ACC CAPITAL HOLDINGS CORPORATION,
AMERIQUEST MORTGAGE COMPANY, AND
AMC MORTGAGE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BELLO,<br><br>  Plaintiff,<br><br>  vs.<br><br>AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., and DOES 1 through 60, inclusive,<br><br>  Defendant. | Case No.: 07-cv-02195-WQH-LSP<br><br>**STIPULATION TO REMAND CIVIL ACTION TO SAN DIEGO COUNTY SUPERIOR COURT AND TO TRANSFER CIVIL ACTION TO ORANGE COUNTY SUPERIOR COURT**<br><br>[Filed concurrently with [Proposed] Order] |

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** plaintiff Andrew Bello ("Bello"), having dismissed his Second Cause of Action for Violation of the Truth-In-Lending Act ("TILA") with prejudice in his First Amended Complaint filed in the Superior Court of the State of California for the County of San Diego, and defendants ACC Capital Holdings Corporation, Ameriquest Mortgage Company, and AMC Mortgage Services, Inc. (collectively, "Defendants"), hereby stipulate to the following:

1. That this matter shall be remanded back to the Superior Court of the State of California for the County of San Diego at the Court's earliest convenience;

2.    That the place of trial of this action shall be changed to the Superior Court of the State of California for the County of Orange;

3.    That Defendants shall have twenty days following notice from the Superior Court of the State of California for the County of Orange of incoming receipt of the transfer within which to file a responsive pleading to the First Amended Complaint; and

4.    That the parties shall bear all their costs and fees associated with the removal, remand, and change of venue process and further agree that they will not attempt to seek sanctions or any other monetary amounts from the other party in connection with the removal, remand, or change of venue process.

The parties agree to the above stipulation for the following reasons:

1.    On August 24, 2007, Bello filed an action in the Superior Court of the State of California in and for the County of San Diego, entitled Andrew Bello, Plaintiff, vs. Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Does 1 through 60, inclusive, Defendants, as Case No.: 37-2007-00055780-CU-BC-NC.  On or about September 19, 2007, Plaintiff filed a First Amended Complaint.  Plaintiff amended his First Amended Complaint on September 20, 2007 to add Defendant ACC Capital Holdings Corporation as DOE 1.  The First Amended Complaint alleges, *inter alia*, that Defendants violated the Truth-In-Lending Act, 15 U.S.C. Sections 1601, *et seq.* by changing the material terms of the loan agreement and failing to provide the requisite disclosures.  The First Amended Complaint further seeks relief pursuant to the Truth-In-Lending Act, 15 U.S.C. Sections 1601, *et seq.*  As a result, it appears from the face of the First Amended Complaint that the Court is presented with a federal question.

2.    On or about October 29, 2007, Bello filed a Request for Dismissal of his Second Cause of Action for Violation of TILA with prejudice.

3.    On or about November 16, 2007, Defendants filed a Notice of Removal with this Court on the grounds that, even without the TILA claim, the remaining allegations in Bello's First Amended Complaint provided this Court with original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by defendants under the provisions of 28 U.S.C. Sections 1441(b) and 1446 in that it arises under the Federal Truth-In-Lending Act, 15 U.S.C.

Section 1640(e). Thereafter, on or about November 21, 2007, Defendant answered the First Amended Complaint.

4. On a number of occasions in November and December 2007, counsel for Bello and Defendants met and conferred concerning the remand and change of venue of this action. During the parties' discussion, counsel for Bello asserted that this Court did not have original jurisdiction over this matter given that Bello had dismissed his federal claims with prejudice, that all the allegations relating to his federal claims were removed as a result of the dismissal, and that Bello did not intend to pursue any federal claims or present any evidence relating to the federal claims. During the discussion, counsel for Defendants asserted that the civil action was wrongly venued in San Diego County and that this action should be properly venued in the county of Defendants' residence, Orange County, California. As a result of the discussions, the parties reached the following preliminary agreement: 1) that this civil action would be remanded to state court; and 2) that the civil action with be transferred to Orange County Superior Court.

**IT IS SO STIPULATED.**

DATED: December 17, 2007       THE LAW OFFICES OF BRIAN H. ERICKSON


By:      /s Brain H. Erickson
            BRIAN H. ERICKSON
         Attorneys for Plaintiff Andrew Bello


DATED: December 20, 2007       BUCHALTER NEMER
                               A Professional Corporation


By:      /s Brandon Q. Tran
            BRANDON Q. TRAN
          Attorneys for Defendants
       ACC Capital Holdings Corporation,
    Ameriquest Mortgage Company, and AMC
              Mortgage Services, Inc.

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.